# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| J.C. SANDERS, | ) | CASE NO. 5:23-cv-1951 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| S. BENJAMIN CARRO, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff J.C. Sanders ("Sanders") filed this action against defendant S. Benjamin Carro ("Carro") on October 4, 2023. In his complaint, Sanders provides a long, and not entirely coherent, list of allegations related to Carro's conduct as prosecutor in an uncited criminal case. One of Sanders' allegations is that Carro "threw [documents] at [him] with aggression" and that those documents hit him. (Doc. No. 1-1, at 1.[1]) Sanders' other allegations against Carro include: yelling at his wife in a room full of people,[2] making untrue statements, revoking his bond after "illegal hearings[,]" showing bias, withholding evidence, and lying "on documents[.]" (*Id.* at 1–

---

[1] All page number references within this memorandum opinion are to the consecutive page numbers applied to each individual document by the electronic filing system.

[2] Sanders is the sole plaintiff in this case, and his wife is not a party. (*See* Doc. No. 1.) Generally, a *pro se* plaintiff may only assert their own rights. *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) ("[W]e have consistently interpreted [28 U.S.C.] § 1654 as prohibiting pro se litigants from trying to assert the rights of others.") For this reason, to the extent that Sanders is seeking to recover for any harm that his wife suffered due to being allegedly yelled at by Carro, his claims are barred as a matter of law. The Court's consideration of Carro's yelling at Sanders' wife is limited to the harm that it allegedly caused Sanders himself.

2.) In light of these alleged actions, Sanders asserts causes of action under a long list of federal statutes. (Doc. No. 1, at 4 (listing at least seven different bases for federal question jurisdiction).)

Before addressing the current complaint, some additional context is needed. Sanders' present complaint is largely similar to a complaint he filed in an earlier case before this Court. (*See Sanders v. Carro*, N.D. Ohio No. 23-cv-707, Doc. No. 1.) The defendant (Carro) and the typewritten part of the statement of the claim are the same in both complaints. In fact, most of the handwritten content from Sanders' earlier complaint is still present, but with additional handwritten content in some places. For example, in the section requesting relief, Sanders' original complaint stated that he "want[ed] a [*sic*] investigation/and lose [*sic*] of [Carro's] job[.]" *Id*. at 7. The present complaint makes the same request, with the same spelling errors, and adds the new request for "$1 million for actual damage[s] & punitive damages[.]" (Doc. No. 1, at 6.)

Sanders' earlier case was dismissed by the Court without prejudice on July 13, 2023, due to Sanders' inadequate *in forma pauperis* application. (*Sanders v. Carro*, N.D. Ohio No. 23-cv-707, Doc. No. 4.) The Court's previous opinion stated that Sanders could reopen his case, but only if he paid the $402 filing fee within thirty days of the Court's memorandum opinion and order (*i.e.*, before August 12, 2023). (*Id*. at 5.) To date, Sanders has not paid the filing fee or filed any other documents in that earlier case.

It is possible that Sanders did not receive the Court's earlier opinion because the Court's mailing to Sanders was returned due to Sanders being "temporarily away" from the address he provided to the Court. (*Id*., Doc. No. 6.) Sanders—like all litigants before the Court—has an affirmative duty to timely inform the Court of any changes to his address. *See Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (table opinion) (citation omitted). His failure to do so "demonstrates

a lack of prosecution of his action." *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010). Despite his numerous cases within this district, Sanders never informed the Court that he changed his address. Moreover, Sanders lists the same address within his present complaint as he did in his previous complaint: 815 Rocky Brook Dr., Apt. B, Akron, Ohio, 44313. (Doc. No. 1, at 2.) From other documents Sanders has filed, it appears that this is not his current address, but it is not clear. (*See* Doc. No. 4-5, at 3 (listing his address as 490 Gage Street, Akron, Ohio).) At a minimum, Sanders has repeatedly failed to notify the Court (in a clear manner) where he resides.

Returning to the present case, Sanders did not pay the filing fee when he filed his most recent complaint. Instead, Sanders filed a new application to proceed *in forma pauperis* (Doc. No. 2), which he has since moved to amend. (Doc. No. 3.) Sanders has also moved to supplement his motion to amend. (Doc. No. 4.) Sanders' original application (Doc. No. 2) and request to supplement (Doc. No. 4) are denied as moot, and the Court grants Sanders' amended *in forma pauperis* application. (Doc. No. 3.)

This case is a frivolous action and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). 28 U.S.C. § 1915(e)(2) states, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[.]" In the Sixth Circuit, a "complaint is frivolous only if the legal theories raised in the complaint are indisputably meritless or if the factual contentions are fantastic or delusional." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Sanders claims to have eight sources for federal question jurisdiction: 28 U.S.C. § 1331; 42 U.S.C. § 1983; "10 U.S.C. Art. 97"; 18 U.S.C. § 242; 18 U.S.C. § 241; "1610";

"Assault";[3] and "18 U.S.C. § 351(e) [i]njunctive [r]elief[.]" (Doc. No. 1, at 4.) Sanders' claims made under these statutes are indisputably meritless.

Beginning with 28 U.S.C. § 1331, this statutory provision describes the instances when federal district courts have federal question jurisdiction (*i.e.*, in "all civil actions arising under the Constitution, laws, or treaties of the United States.") This provision, on its own, is unhelpful to Sanders because he still needs to provide a federal law, treaty, or provision of the United States Constitution out of which his claims against Carro arise.

Five of the remaining bases for federal question jurisdiction can be easily dispensed with as inapplicable in this case, as most are criminal statutes which do not confer a private cause of action. First, it is unclear what statutory authority Sanders refers to when he says "10 U.S.C. Art. 97[.]" (Doc. No. 1, at 4.) It is sufficient to state, however, that Title Ten of the United States Code pertains to the armed forces and Sanders' allegations do not relate to the United States military in any way. Second, 18 U.S.C. § 242 "makes it a crime to willfully violate someone's constitutional rights[.]" *Millen v. Wray*, No. 21-5095, 2021 WL 3205362, at *1 (6th Cir. July 2, 2021). This claim fails because 18 U.S.C. § 242 does not provide a private cause of action. *Id.* at *2 (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). Third, the claim under the related statute, 18 U.S.C. § 241, fails for same reason. This criminal statute also does not provide a private cause of action. *See Roker v. City of Memphis, TN*, No. 21-6018, 2022 WL 16859534, at *1 (6th Cir. Nov. 8, 2022). Fourth, "1610" is not a valid citation. Even if the Court assumed Sanders meant

---

[3] In the civil context, assault is a cause of action which arises out of state law. Federal recovery is generally not available. *See, e.g.*, *Gohlstin v. McNulty's Pub*, No. 1:15-cv-1489, 2015 WL 7430058, *2 (N.D. Ohio Nov. 16, 2015) ("[A]ssault is a cause of action arising under state tort law."); *Bowman v. Canapp*, No. 1:09-cv-149, 2010 WL 686368, *1 (W.D. Ky. Feb. 23, 2010) ("There is no federal cause of action for 'assault.'"). Because Sanders fails to establish any ground for subject-matter jurisdiction, which is discussed more fully below, the Court refuses to exercise supplemental jurisdiction over this state-law claim and dismisses it without prejudice.

"18 U.S.C. § 1610," this citation is also invalid, as there is no Section 1610 within Title Eighteen of the United States Code. Fifth, 18 U.S.C. § 351(e) relates to punishments for assassinating, kidnapping, or assaulting various members of the federal government (such as members of Congress, heads of certain executive departments, and Justices of the United States Supreme Court). This statute is clearly inapplicable to the present case.

With these bases for jurisdiction eliminated, what remains is 42 U.S.C. § 1983. Unlike the statutes discussed above, Sanders can use § 1983 to maintain a federal cause of action if his complaint is properly pled. To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Pinkney v. Berrien Cnty., Mich.*, No. 21-2802, 2022 WL 3572978, at *3 (6th Cir. Aug. 19, 2022) (quoting *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (quotation marks omitted)). Sanders' complaint seems to have three groups of allegations: (1) Carro allegedly threw documents at him and yelled at his wife; (2) Carro mishandled Sanders' criminal trial; and (3) vague allegations of lying. Sanders does not allege a specific federal right that was violated for any of these groups of violations. The Court will address these groups of allegations in reverse order.

Sanders' allegations related to Carro's untruthfulness can be dispensed with due to their vague and conclusory nature. Courts must liberally construe pleadings by *pro se* plaintiffs, but even a *pro se* plaintiff must satisfy basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that the liberal construction afforded *pro se* pleadings "does not require a court to conjure allegations on a litigant's behalf[]" (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Sanders' undeveloped allegations about Carro's lying and untrue statements are insufficient, even at this early stage. (*See* Doc. No. 1-1, at 1–2.) Sanders claims that Carro "lied on documents[.]" (*Id*. at 2.) Sanders also claims Carro "told everyone in the room that everything was right when it was untrue." (*Id*. at 1.) Without any explanation of the documents to which Sanders refers, what lies allegedly were within those documents, or what untrue statements Carro made, these claims fail.

Next, Sanders' allegations related to Carro's misconduct during his criminal trial are subject to absolute immunity and are not legally plausible. *See Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997)). "State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties." *Id*. To determine if a prosecutor was acting within the scope of their prosecutorial duties, courts examine "how closely related . . . the prosecutor's challenged activity [is] to his role as an advocate intimately associated with the judicial phase of the criminal process." *Id*. (citing *Ireland*, 113 F.3d at 1443).

All the misconduct Sanders alleges against Carro in his criminal case is covered by absolute immunity. Beginning with the bond revocation, Sanders mentions it twice in his statement of

claim. (Doc. No. 1-1, at 1.) Neither reference includes allegations that Carro used false statements of fact to facilitate the bond revocation. (*Id.*) In fact, Sanders provides no information about his criminal case, how his bond was revoked, or what Carro's alleged misconduct was beyond that "the Court held illegal hearings." (*See generally id.* at 1.) This is not a basis for a Section 1983 claim. *See, e.g., Carey v. Okubo*, 158 F. App'x 962, 967–68 (10th Cir. 2005) (finding that a prosecutor was "performing a prosecutorial function" when revoking a bond). Sanders' allegations related to the withholding of evidence (Doc. No. 1-1, at 2) fair no better. *See, e.g.*, *Howell*, 668 F.3d at 353–54 (stating that allegations related to a prosecutor's failure to disclose evidence are "established prosecutorial actions"); *Koubriti v. Convertino*, 593 F.3d 459, 468 (6th Cir. 2010) (holding that a prosecutor was entitled to absolute immunity for failing to disclose exculpatory evidence, even if it was intentional).

This leaves just two alleged actions by Carro, one of which must amount to a "violation of a right secured by the Constitution [or] laws of the United States" for Sanders' complaint to survive: Carro throwing documents at Sanders or Carro yelling at Sanders' wife in front of a room full of people. *See West v. Atkins*, 487 U.S. at 48. Both claims fail to meet this burden. As other courts have recognized, "Section 1983 does not provide a general remedy for state law torts or allow access to federal courts for all individuals suffering injuries at the hands of state actors." *Graham v. Hodge*, 69 F. Supp. 3d 618, 625 (S.D. Miss. 2014), *aff'd*, 619 F. App'x 394 (5th Cir. 2015) (citing *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)); *see also Lewellen v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated[.]"). Being hit with

"documents" in such a manner that does not cause any physical injury and observing one's wife being yelled at does not amount to a violation of a right secured by a federal law or the United States Constitution. *See, e.g.*, *Putnam v. Smith*, No. 1:22-cv-3270, 2022 WL 17418588, *2 (D.S.C. Nov. 14, 2022), *report and recommendation adopted*, 2022 WL 17418554 (D.S.C. Dec. 5, 2022) (recommending dismissal of a case where a prisoner alleged a prison guard hit him with a roll of toilet paper because "[w]hile [p]laintiff may have a civil claim for assault he can file in state court, he has not shown a violation of constitutional magnitude[]") Sanders has not alleged that there was a violation of constitutional magnitude. Sanders may pursue his claims in state court, but his present complaint does not contain any viable claims and must be dismissed.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Additionally, the Court issues a word of caution. While the Court is very tolerant of legal filings from *pro se* litigants, the present action is one of at least four actions Sanders currently has pending within the Northern District of Ohio. Beyond his current cases, Sanders also filed a number of cases earlier in the year, all of which, to the Court's knowledge, were dismissed at the screening stage. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which wastes judicial resources and impairs their ability to carry out Article III functions. *See Douglas v. Cleveland*, 1:12-cv-1145, 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) (citation omitted).

Toward that end, Sanders is warned that, should he persist in asserting the same or similar causes of action in this jurisdiction or in filing frivolous motions herein, the Court may consider placing him on Restricted Filer status.

**IT IS SO ORDERED**.

Dated: December 11, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**